NATIONAL AIRLINES, Inc., Petitioner,
v.
CIVIL AERONAUTICS BOARD,
Respondent,

Delta Airlines, Inc., Eastern Air Lines, Inc., Braniff Airways, Inc., City of Dallas, Texas, and Dallas Chamber of Commerce, Intervenors.

No. 13814.

United States Court of Appeals
District of Columbia Circuit.

Argued June 7, 1957.

Decided July 3, 1957.

Mr. John W. Cross, Washington, D. C., with whom Messrs. Richard A. Fitzgerald and Clayton L. Burwell, Washington, D. C., were on the brief, for petitioner.

Mr. O. D. Ozment, Asst. General Counsel, Litigation and Research, Civil Aeronautics Board, Washington, D. C., with whom Mr. Franklin M. Stone, General Counsel, Civil Aeronautics Board, Mr. Robert L. Park, Asst. General Counsel, Civil Aeronautics Board, and Mr. Daniel M. Friedman, Attorney, Department of Justice, were on the brief, for respondent. Mr. John H. Wanner, Associate General Counsel, Civil Aeronautics Board, Washington, D. C., also entered an appearance for respondent.

Mr. Harold L. Russell, Atlanta, Ga., for intervenor Eastern Air Lines, Inc.

Mr. James L. Highsaw, Washington, D. C., with whom Messrs. Clarence M. Mulholland and Edward J. Hickey, Jr., Washington, D. C., were on the brief, for intervenor Delta Air Lines, Inc.

Mr. Brackley Shaw, Washington, D. C., with whom Mr. H. P. Kucera, Dallas, Tex., was on the brief, for intervenors City of Dallas, Texas, and Dallas Chamber of Commerce.

Mr. Hubert A. Schneider, Washington, D. C., entered an appearance for intervenor Braniff Airways, Inc.

Before PRETTYMAN, FAHY and WASHINGTON, Circuit Judges.

**14**

PRETTYMAN, Circuit Judge.

This is a petition for review of orders (E–10600 and E–11020) of the Civil Aeronautics Board. The orders were entered in a proceeding known as the Dallas to the West Service Case.[1] They consolidated for hearing and disposition certain applications for air-route certificates and severed and excluded from the proceeding parts of other applications. Order E–10600 was the order of consolidation and exclusion. Order E–11020 denied reconsideration. Two members of the Board dissented. The petition before us is to review both orders. Petitioner is National Airlines, Inc., which we shall call simply "National".

National is certificated over an airline network in the eastern part of the United States. Its western terminus is Houston. It applied for a certificate from Houston to the west coast via Dallas.[2] Delta Air Lines, Inc., is certificated over a route network in eastern United States, with a western terminus at Dallas. It applied for a new route Dallas to the west coast. Braniff Airways, Inc., is certificated for a route system in mid-United States, with a route through Dallas to Lubbock and Amarillo. It applied for a Dallas-west coast certificate. Other airline companies are involved, but the foregoing are the crucial applications in our present problem.

The City of Dallas applied to the Board for a general inquiry into the need for additional Dallas-west coast service.

The Board took up for consideration the petition of the City of Dallas, as meriting prompt attention. It instituted a proceeding for the purpose of determining the need for additional Dallas-west coast routes. It consolidated into that proceeding the Braniff and Delta applications above described. It also included in the consolidation so much of National's application as requested a certificate from Dallas to the west coast. It refused to include that part of National's application which covered the Houston-Dallas leg. That latter action is the subject matter before us.

National says its application Houston-west coast via Dallas is mutually exclusive with the other applications Dallas-west coast. It says this is obviously true, because (1) the Board will not grant a certificate Dallas-west coast to a carrier whose through route is broken by a missing segment when it has available applicants whose through service, already at Dallas, would be uninterrupted; and (2), if the Board grants a Dallas-west coast certificate to another applicant, it will not grant a second certificate over that same route and so will not subsequently grant National's Houston-Dallas-west coast application.

The Board stated in its order its conclusion upon the record thus far developed that the included and excluded applications are not mutually exclusive. Rejecting National's contention the Board pointed out that the advantage which Delta and Braniff have over other applicants by reason of their existing authorizations from Dallas to the east is "one of those instances where such an advantage is inherent in the proposal of that applicant by virtue of its existing route * * * a rather common situation in new route cases before the Board." Furthermore, the Board concluded, the advantage was not such as to warrant a conclusion that the applications were mutually exclusive or to require expansion of the proceedings.

The Board further said:

"In any event, the parties to this proceeding will have a full oppor-

---

1. C.A.B. Docket 7596, et al.

2. National's terminus was originally New Orleans, and its original application was for a route New Orleans-Houston-west coast and New Orleans-Dallas-west coast. It amended to request a New Orleans- Houston-Dallas-west coast route, thus adding to its original application the Houston-Dallas leg. In another case it was granted a New Orleans-Houston certificate. Thus its pending application included in effect a Houston-Dallas-west coast route.

tunity to attempt to establish on the record in the proceeding that the granting of one or more of the applications consolidated herein would as a matter of economic fact preclude the granting of an application or applications that the Board has refused to consolidate and that, accordingly, the Board cannot dispose of the Dallas to the west proposals without giving contemporaneous consideration to the excluded applications."

We interpret "full opportunity" in the foregoing to mean "fair opportunity". We understand "the Board cannot" to mean "the Board will not". And we understand "contemporaneous consideration to the excluded applications" to refer to a comparative consideration in the same proceeding of all applications shown on the record to be mutually exclusive as a matter of economic fact. National is presently a party to the Board proceeding as an applicant for a Dallas-west coast certificate, which is its application minus the severed leg.

Applying the statement of the Board, as thus understood, to National's Houston-Dallas-west coast application as one of the presently excluded applications, the statement reads as follows:

"In any event, National will be given a fair opportunity to establish on the record in the proceeding that the granting of the Delta or Braniff applications would as a matter of economic fact preclude the granting of National's Houston-Dallas-west coast application, and if that be established the Board will not dispose of the Dallas to the west proposals without giving comparative consideration to the National application."

We accept at face value that assurance of the Board as we understand it. It is a fair and substantial compliance with the Ashbacker Radio doctrine[3] as we have construed it in Delta[4] and Eastern.[5] The Ashbacker doctrine, as we have heretofore pointed out, poses some difficult problems when applied to air-route certificate proceedings. Those problems will have to be met as they arise under principles applicable generally. The present case is not factually the same as the Delta case or factually the same as the Eastern case. It falls between those two extremes. We interpret the statement of the Board as an assertion of compliance with the prescription of principles in the Delta case and as a fair attempt to follow the Ashbacker rule.

Upon the foregoing understanding we dismiss this petition. We do so however without prejudice to the right of National or any other party to the proceeding either to come again to this court with a similar petition for review, if it develops that the Board does not propose to grant the fair opportunity for establishing on the record mutual exclusivity before it disposes of any application, or to petition for review of the final order of award upon that ground.

Petition dismissed.

---

3. Ashbacker Radio Corp. v. Federal Communications Comm., 1945, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108.

4. Delta Air Lines v. Civil Aeronautics Board, 1955, 97 U.S.App.D.C. 46, 228 F.2d 17.

5. Eastern Air Lines v. Civil Aeronautics Board, 100 U.S.App.D.C. 184, 243 F.2d 607.